UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK GRAHAM and MARILYN GRAHAM,

    Plaintiffs,

v.

BANK OF AMERICA, a national Association, as successor and assignee to Countrywide Bank, N.A., a Division of Treasury Bank, N.A., COUNTRYWIDE LOANS INC., and NB HOLDINGS,

    Defendants.
_____/

CASE NO. 12-13574

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANTS MOTION TO DISMISS**

Before the Court is Defendants[1] Bank of America, N.A., ("BANA") and NB Holdings Corporation's Motion to Dismiss (Doc. No. 9). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court grants Defendants' motion.

**I. INTRODUCTION**

Plaintiffs Mark and Marilyn Graham purchased property located at 3855 Quarton Road, Bloomfield Hills, Michigan in July 2005. (Doc. No. 9, Ex. A). Plaintiffs obtained a $1,000,000 loan, which was secured by a mortgage on the property granted to Mortgage Electronic Registration Syetem ("MERS"). The Note, referred to by Plaintiffs as a "Pick-a-Payment" loan, offered for payment options: minimum payment, interest only payment, fully amortized payment, and 15-year amortized payments. (Compl. at ¶ 2, Ex. B, Note).

---

[1] Plaintiffs incorrectly identified Bank of America, N.A. as successor and assignee to Countrywide Bank, a division of Treasury Bank, N.A. and County Wide Loans Inc., and incorrectly identified NB Holdings Corporation as NB Holdings.

In April 2010, MERS assigned the mortgage to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Service, LP ("BACHLS"). (See Doc. No. 9, Ex. C). BACHLS subsequently merged with BANA. (Doc. No. 9, Ex. D).

After Plaintiffs failed to make their mortgage payments, the property was sold at a sheriff's sale. (See Doc. No. 9, Ex. E). Thereafter, Plaintiffs filed suit in Oakland County Circuit Court.

According to Plaintiffs, Defendants failed to provide sufficient disclosures regarding the nature of the Pick-a-Payment loans, the risk of negative amortization, and the fact that the minimum payments did not represent the full cost of the loan. (Compl. at ¶ 35.) In Count I, Plaintiffs allege Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing. In Count II, Plaintiffs allege Wrongful Foreclosure in violation of Mich. Comp. Laws § 600.3204(3), which requires a record chain of title to exist prior to the date of the sale of the property. In Count III, Plaintiffs ask for a preliminary injunction enjoining their eviction from the Property and a declaratory judgment that the foreclosure sale was void.

Defendants timely removed the state court action to this Court and filed a motion to dismiss the complaint for failure to state a claim.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion "allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief if all the facts and allegations in the complaint are taken as true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir.1993). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the

2

sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

Before turning to the merits of Defendants' arguments, the Court must decide whether to consider documents attached to Defendants' motion that are outside the pleadings, including the mortgage and various assignments, a certificate of merger, the sheriff's deed, and the adjustable rate mortgage loan program disclosure. In Weiner v. Klais and Co., 108 F.3d 86,88 (6th Cir.1997), the Sixth Circuit observed that the lower court "may consider any matters of which a court may take judicial notice without converting a party's motion to dismiss into a motion for summary judgment." Moreover, when the documents are referenced in a complaint and are central to the claims, the court may consider them in resolving a motion to dismiss. Id. (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir.1993)).

Here, the Court will consider the exhibits because those that are not incorporated by reference are verifiable and integral to the parties' dispute.

### A. Breach of Contract

Grahams allege that Defendants did not comply with the "Pick-a-Payment Notes" and the Truth-in-Lending Disclosure Statement (TILDS) in that Defendants failed to disclose that negative amortization may occur with the loan. According to Plaintiffs, they believed that their initial monthly payment would be sufficient to pay both interest and principal. Because it was not, Defendants failed to apply any of the initial payment amounts to the principal. (Doc. No. 1 at ¶¶ 50-51). Instead, the difference in the interest due on the loan and in the initial monthly payments accrued and was added to the principal, which resulted in negative amortization. (Id. at ¶ 52). Plaintiffs allege that the Note "expressly state[s] and/or imply that payments will be applied to both principal and interest owed on the loan." (Id. at ¶ 53).

The gist of Plaintiffs' claim is that the average consumer would not understand the mortgage disclosures; thus, Defendants violated the duty of good faith and fair dealing. As support for their position that Michigan courts recognize an action for breach of an implied covenant of good faith and fair dealing where a party to a contract makes the manner of its performance a matter of its own discretion, Grahams rely on Burkhardt v. City Nat'l Bank of Detroit, 226 N.W.2d 678, 680 (Mich. Ct. App. 1975) (observing that when the "party to a contract makes the manner of its performance a matter of its own discretion," the law will require the discretion be exercised in good faith). In Burkhardt, the plaintiff challenged how the defendant bank exercised its discretion "to calculate the monthly escrow payments for property taxes and insurance" because the plaintiff alleged that the bank selected an accounting method allowing it to withhold more money than was

4

needed to meet the costs.  Id.

Here, Defendants did not select the payment plan; therefore, Burkhardt is inapplicable.  Moreover, Michigan law does not recognize an implied duty of good faith and fair dealing, when the parties's rights are governed by a written contract. Cheesewright v. Bank of Am., N.A., 2:11-CV-15631, 2013 WL 639135 (E.D. Mich. Feb. 21, 2013).  Contrary to Plaintiffs' position, the Note contains language disclosing the risk of negative amortization.  (Doc. No. 9, Ex. B).  Specifically, it states:  "The principal amount to repay could be greater than the amount originally borrowed, but not more than the maximum limited stated in this Note."  (Id.)  The Note also advises the borrower that "if the Minimum Payment is not sufficient to cover the amount of the interest due then negative amortization will occur." (Doc. No. 9, Ex. B, Note at ¶ 4(C)). Likewise, the Truth-in-Lending Disclosure Statement discloses the risk of negative amortization.  It explains how paying less that the full monthly payment adds to the loan amount and that the balance of the loan could increase.  (Doc. No. 9, Ex. D, ARM Disclosure).

In light of the language contained in these documents, Plaintiffs' claim that Defendants failed to warn them of possible negative amortization fails.   They have not stated a claim for breach of contract or breach of an implied covenant of good faith.

### B.  Wrongful Foreclosure

There is no dispute that the property was sold to BANA at a foreclosure sale on November 8, 2011.  Likewise there is no dispute that the redemption period expired. Defendants maintain that once the period expired, BANA was vested with all the right, title, and interest in the property.

Under Michigan law, legal title to a foreclosed property vests in the holder of the sheriff's deed unless the property is redeemed within the six-month statutory redemption period. See Mich. Comp. Laws § 300.3236-3240. Under Michigan law, an equitable extension of the redemption period may be available with a clear showing of fraud or irregularity. See Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). Accord Manufacturers Hanover Mortgage Corp. v. Snell, 370 N.W.2d 401, 404 (Mich. Ct. App. 1985) (noting that a mortgagor could challenge an invalid foreclosure by advertisement by raising equitable defenses to a summary eviction proceedings); United States v. Garno, 974 F. Supp. 628, 633 (E. D. Mich. 1997) (holding that under Michigan law, "a very good reason" may mandate setting aside a foreclosure sale) (citation omitted). The Court therefore considers whether Plaintiffs' allegations of fraud or irregularity provide a sufficient basis to attack the foreclosure under Rule 12(b)(6). See Hart v. Countrywide Home Loans, Inc., 735 F. Supp.2d 741, 745 (E.D. Mich. 2010); Lemke v. H & R Block Mortg. Corp., 11-14979, 2012 WL 715894 (E.D. Mich. Mar. 6, 2012) (citing Tatar v. Trott & Trott, P.C., No. 10–12832, 2011 WL 3706510 (E.D. Mich. Aug. 3, 2011)); Brezzell v. Bank of Am., N.A., No. 11–11467, 2011 WL 2682973 (E.D.Mich. July 11, 2011)).

In Count II, Plaintiffs assert that Defendants violated the foreclosure statute because they lacked authority to foreclose by advertisement. In assessing the viability of the claim, the Court considers not only the allegations in the complaint, but also documents referenced in the pleadings that are central to the claims, such as the Note, Mortgage, Assignment of Mortgage, and Sheriff's Deed. Tellabs, Inc. v. Makor Issues &

6

Rights, Ltd., 551 U.S. 308, 322-23 (2007).

To support their position that Defendants lacked authority to foreclose by advertisement, Grahams argue that BANA did not hold the Note and was not a party with an ownership interest in the indebtedness. (Compl. at ¶ 59). Plaintiffs further allege that "[n]o chain of title existed between" Countrywide, BANA, and NB Holdings. (Compl. at ¶ 60), and therefore, Defendants lacked authority under the governing statute to foreclosure.

Plaintiffs' arguments lack factual or legal support. First, Plaintiffs are plain wrong that BANA lacked an ownership interest. In Residential Funding Co., LLC v. Saurman, 805 N.W.2d 183 (Mich. 2011), the Michigan Supreme Court held that the statutory language requiring a foreclosing party to possesses an "interest in the indebtedness" included mortgagees of record. Because BANA was the mortgage of record at the time of the sale, it had standing to foreclose. See Fortson v. Fed. Home Loan Mortg., No. 12-10043, 2012 WL 1183692 at *4 (E. D. Mich. Apr. 9, 2012) (holding that an assignment by MERS prior to a foreclosure sale by the assignee comports with the statute). Therefore, BANA had authority to foreclose by advertisement.

Plaintiffs' second argument likewise fails to support the existence of a claim of wrongful foreclosure. Under § 600.3204(3), when the foreclosing party is not the original mortgagee, as is the case here, "a record chain of title shall exist prior to the date of sale." Here, BANA was the foreclosing party, and it had record chain of title prior to the November 8, 2011, foreclosure sale. Specifically, MERS, the original mortgagee, acting for the lender, Countrywide, and Countrywide's successors assignees, assigned the mortgage to BACHLS on April 20, 2010. (Doc. No. 9, Exs. A and C). BANA is the

7

successor by merger to BACHLS. (Doc. No. 9, Ex. D). BANA purchased the property at the sheriff's sale after the mortgage was assigned to it. (Doc. No. 90, Ex. E). Therefore, at the time of the sale, a record chain of title evidencing the assignment of the mortgage to BANA existed.

Moreover, even if the manner in which the foreclosure was handled violated the statute, as the Michigan Supreme Court made clear in Kim v. JPMorgan Chase Bank, N.A., 825 N.W.2d 329 (Mich. 2012), the "failure to comply with the conditions set forth in Michigan's foreclosure-by-advertisement statute does not render flawed foreclosures void (i.e., void ab initio ) but merely voidable." For Plaintiffs to succeed with their claim based upon foreclosure defects, they must show resulting prejudice. In other words, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." Kim, 825 N.W.2d at 337. Here, Plaintiffs have not advanced such an allegation, and Defendants are entitled to dismissal of Count II of the Complaint.

### C. Preliminary Injunction/Declaratory Relief

In support of their request for injunction relief, Grahams ask that the Court quiet title in their name. In light of the Court's determination that the other counts of the Complaint must be dismissed, Count III fails to state a claim for which relief can be granted.

### IV. CONCLUSION

For the reasons stated, the Court **GRANTS** the motion.

8

**IT IS SO ORDERED.**

                s/Marianne O. Battani
                MARIANNE O. BATTANI
                UNITED STATES DISTRICT JUDGE

Date: July 10, 2013

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were mailed and/or electronically filed to counsel of record on this date.

                s/Bernadette M. Thebolt
                Case Manager